IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDNA GARCIA COLON and
JOSE AMALBERT FIGUEROA

    Plaintiffs,

v.                                              CIVIL NO. 98-1478 (RLA)

KMART CORPORATION & INSURANCE
CORPORATION ABC,

    Defendants.

## MINUTES AND ORDER OF INITIAL SCHEDULING CONFERENCE
## HELD ON SEPTEMBER 1, 1999

The parties appeared before the undersigned in chambers for an Initial Scheduling Conference on September 1, 1999 from 3:45 p.m. to 4:45 p.m. Attorneys JOSE A. LEON LANDRAU and NOEMI LANDRAU RIVERA appeared on behalf of plaintiffs. EDUARDO VERA, ESQ., and CARLOS A. GONZALEZ SOLER, ESQ., represented defendant, KMART CORPORATION.

### Excess Insurance Carrier

The Court queried counsel regarding the unidentified insurance carrier included in the complaint. KMART counsel indicated it was self-insured up to $2 Million, but that its excess carrier is NATIONAL UNION FIRE INSURANCE COMPANY OF PENNSYLVANIA (NATIONAL UNION), as indicated in its Answer to the Third Amended Complaint.

Accordingly, the Third Amended Complaint is hereby deemed AMENDED to include NATIONAL UNION FIRE INSURANCE COMPANY OF PENNSYLVANIA as a defendant.

IT IS FURTHER ORDERED that in the event plaintiffs wish to pursue a direct action against NATIONAL UNION, they shall effect service of process upon the excess insurer **and file the executed summons returned no later than September 27, 1999.**

### Additional File Copy

The Court reminded KMART counsel of their duty to provide an additional file copy to the Clerk of the Court upon filing of the original. In addition, counsel for both parties were admonished once again that failure to comply would result in the imposition of sanctions. (See Margin Order issued on April 6, 1999, docket No. 20).

### Liability

The Court engaged the parties in a lengthy discussion on the facts and the liability aspects of this action.

Plaintiffs allege that MRS. EDNA GARCIA COLON fell because she was struck by a row of shopping carts being pushed into the store by a KMART employee. Defendant denies that MRS. GARCIA COLON was ever hit by the carts and argues instead that she merely fell.

Plaintiffs stated that they intended to present testimony of a safety engineer, Eng. CARLOS COSTAS (or a substitute engineer from VECTOR Corporation), regarding the allegedly defective design of the KMART Caguas Centro store. It is plaintiffs' contention that this store is poorly designed because the shopping carts being returned to the store from the parking area have to be pushed through an entrance way which is adjacent to the entrance doors that are used by the patrons of the store. Further, the situation becomes even more potentially dangerous because the carts, in order to be accommodated in their designated holding area, have to be pushed across the customers' path as they enter the store.

Plaintiff's proffer as to the engineer's testimony is that this expert will demonstrate that the design of this particular KMART store made it more probable than not that the accident occurred in the manner that plaintiffs are alleging. Defendant objected, arguing that this testimony was not relevant to the core issue of whether MRS. GARCIA COLON was or was not hit by the carts being pushed by a KMART employee.

The Court, having further considered the arguments of both sides on this matter hereby FINDS that the proffered testimony is relevant

to the issue of whether MRS. GARCIA COLON was or was not impacted by the carts being pushed by the KMART employee.

Accordingly, plaintiffs' expert engineer's testimony shall be permitted at trial, providing it complies with the procedural and substantive requirements of Rule 26 Fed. R. Civ. P.

**Disclosure re: Plaintiffs' Orthopedic Surgeon**

IT IS HEREBY ORDERED that **on or before September 7, 1999**, the parties shall show cause if they have any objections to the Court's participation in this action given the undersigned's doctor-patient relationship with DR. ORLANDO FERNANDEZ, plaintiffs' medical expert.

**Claims of Deceased Plaintiff's Heirs**

Defendant requested time to file a motion to dismiss as time-barred the claims of MIGDALIA, GLADYS and NORMA AMALBERT GARCIA related to the death of their mother, EDNA GARCIA COLON.

The Court, having reviewed the record as well the claims described in the Third Amended Complaint hereby FINDS as follows:

Plaintiff JOSE AMALBERT FIGUEROA can claim for his own pain and suffering due to the damages allegedly suffered by his wife, EDNA GARCIA COLON, now deceased, as a result of the fall that took place at the KMART store in Caguas. AMALBERT FIGUEROA can also claim for

his own pain and suffering caused by the death of his wife, deceased plaintiff EDNA GARCIA COLON.

Substitute plaintiffs MIGDALIA, GLADYS and NORMA AMALBERT GARCIA can only claim the damages that their mother, deceased plaintiff EDNA GARCIA COLON could have claimed for herself had she lived. That is, GARCIA COLON's own physical injuries, pain and suffering and moral damages resulting from her fall. Plaintiffs cannot claim their own personal damages for the DEATH of their mother since these actions are time-barred.

**Defendant's Jurisdictional/Abstention Arguments**

Counsel for defendant manifested KMART's intention to file dispositive motions requesting the Court's abstention in this case -- and others in which KMART is a defendant -- alleging that (1) it is being prejudiced rather than "protected" by the federal court's diversity provisions due to its status as a "foreign", out-of state defendant; and (2) it is also being prejudiced by the higher monetary awards dispensed by civil juries in the Puerto Rico vis `a vis those awarded in the local courts.

Although at the conference the Court acquiesced to the briefing of these issues, upon further review and consideration, the Court finds these arguments without merit. Diversity jurisdiction in this

CIVIL NO. 98-1478 (RLA) Page 6

---

case is plainly within the purview of 28 U.S.C. § 1332. Further, the right to jury trials in diversity cases in Puerto Rico has been upheld by the First Circuit Court of Appeals. See *Vera Lozano v. Intl. Broadcasting.*, 50 F.3d 67 (1st Cir. 1995).

Accordingly, unless defendant sets forth a good faith argument not propounded in *Vera Lozano*, no briefing on this issue will be allowed.

**Discovery Schedule**

The Court admonished counsel for both sides that the discovery schedule submitted as part of their Joint Initial Scheduling Conference Memorandum was noncompliant with its Order, as it did not provide fixed dates for proposed discovery deadlines. Counsel were further admonished that the Court intends to schedule trial in this action sometime in late February/March, 2000.

Accordingly, the parties shall meet on **Thursday, September 9, 1999, at 1:00 p.m.** at the offices of RAMIREZ LAVANDERO, LANDRON & VERA to delineate a date-specific discovery timetable integrating a proposed February/March trial date.

IT IS FURTHER ORDERED that **no later than September 13, 1999**, the parties shall file a Joint Amended Discovery Schedule for the Court's approval.

AO 72
(Rev 8/82)

CIVIL NO. 98-1478 (RLA)  Page 7

---

### FAILURE TO COMPLY

Counsel are admonished that the failure to comply with the terms of this Order or to meet in good faith for the discovery schedule's preparation are sanctionable under Fed. R Civ. P. 16(f) and may result in the imposition of sanctions upon the party and/or counsel personally, including but not limited to the payment of reasonable expenses and/or the striking of claims, defenses or witnesses.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 2nd day of September, 1999.

_____
RAYMOND L. ACOSTA
United States District Judge