IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MIGDALIA AMALBERT GARCIA,
GLADYS AMALBERT GARCIA,
NORMA AMALBERT GARCIA in
substitution of
EDNA GARCIA COLON and
JOSE AMALBERT FIGUEROA

Plaintiffs,

v.                                       CIVIL NO. 98-1478 (RLA)

KMART CORPORATION et al.,

Defendants.

**ORDER IN THE MATTER OF PRETRIAL MOTIONS**

The following motions are hereby disposed of as set forth below:

**Expert testimony**

Defendant's Urgent Motion Regarding Medical Expert Testimony filed on August 10, 2000 (**docket No. 86**) requesting that both plaintiffs' and defendant's medical experts testify on August 17, 2000, is **DENIED**, given plaintiffs' representation that their medical expert witness, DR. ORLANDO FERNANDEZ, cannot appear in Court on August 17, 2000 due to prior scheduled surgeries. As a result, arrangements already have been made for him to testify on August 16, 2000. See Informative Motion Regarding Expert Testimony at Trial, filed by plaintiffs on August 14, 2000 (**docket No. 92**).

**Postponement of Trial**

Before the Court is KMART's Urgent Motion Regarding Trial Scheduled to Start on August 15, 2000.



AO 72
(Rev 8/82)

**CIVIL NO. 98-1478 (RLA)** **Page 2**

---

The Court has repeatedly manifested to the parties in this action its intention to proceed to trial in August as announced on March 1, 2000 (docket No. 62).

KMART's reasserted contention that it has not been given adequate or sufficient time to carry out discovery related to MS. GARCIA's prior history of physical ailments is unfounded. The medical history of a seventy-three-year-old woman who, according to the complaint, has been rendered unable to walk again[1] as a result of an accident due to defendant's negligence is obviously relevant from the moment defendant receives the notice of suit. The seriousness of the damages claimed since the onset of the litigation is such that MRS. GARCIA's medical condition both before and after the accident is necessarily at issue. There was no need for defendant to wait for notification of plaintiff's death to realize the necessity of obtaining prior medical information to defend itself against the grave consequences of the damages alleged.

As to KMART's argument that they must be permitted at this stage to bring in third parties who allegedly treated MRS. GARCIA negligently, we remind defendant that the Supreme Court of Puerto Rico clearly established in <u>Merced v. Gobierno de la Capital</u>, 85

---

[1] The original complaint filed on May 1, 1998, states, at p. 3, ¶ 11, as follows: "That the impact received from the shopping carts caused plaintiff to fall and receive serious injuries to her arm, hip and leg, **which have not allowed her to walk again**." (emphasis ours).

D.P.R. 552 (1962) that one who has caused physical damages to a person is responsible for any other bodily injury that may result from the intervention of a third party in the process of administering assistance or treatment to such person, regardless of whether the third party incurred or not in negligence. In addition, since "[c]learly, nothing stands in the way of the one who originally caused the damages to recover from the second, who by his conduct increased the damages...". Id., at 557 (citations omitted) (translation ours), defendant may still seek contribution from third parties by way of a separate suit ("nivelación") in the event it is found liable in this case.

Accordingly, defendant's Urgent Motion... (**docket No. 86**) filed on August 11, 2000, is hereby **DENIED**.

This Order shall be notified by FAX to counsel of record.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 15th day of August, 2000.

RAYMOND L. ACOSTA
United States District Judge